**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| James D. Robertson, # 5607,<br><br>Plaintiff,<br><br>v.<br><br>Joel Anderson, Director, South Carolina Department of Corrections; Lydell Chestnut, Deputy Director Broad River Correctional Secure Facility; and Dr. Andrew Hedgepath, Chief of Psychiatry,<br><br>Defendants. | Civil Action No.<br>2:26-cv-3773-TMC-MGB<br><br>**MOTION TO DISMISS ON BEHALF OF DEFENDANTS** |

Defendants Joel Anderson, Director of the South Carolina Department of Corrections; Lydell Chestnut, Deputy Director of Broad River Correctional Secure Facility; and Dr. Andrew Hedgepath, Chief of Psychiatry (collectively, "Defendants"), by and through the undersigned counsel, hereby move for the Court to dismiss Plaintiff James D. Robertson's Complaint with prejudice (ECF No. 1).[1]

Although Plaintiff, who is an inmate at the South Carolina Department of Corrections ("SCDC"), contends his constitutional rights have been violated by Defendants' actions or inactions, a review of his Complaint demonstrates nothing more than his general dissatisfaction for not receiving the specific mental health treatment of his choice. In doing so Plaintiff runs head-

---

[1] Although Defendants contend dismissal is appropriate at this juncture, Defendants have contemporaneously filed an Answer to Plaintiff's Complaint and would rely on said Answer should the Court decline to dismiss this matter in full.

on into a mountain of controlling authority that holds an inmate's disagreement with a treatment plan or an inmate's dissatisfaction with the overall quality of mental health treatment he receives from a prison does not amount to a constitutional violation. What matters is whether Defendants were deliberately indifferent to the serious mental health needs of Plaintiff. Plaintiff's Complaint fails to plausibly allege facts sufficient to satisfy the heightened deliberate indifference standard needed to survive dismissal. To the contrary, it patently confirms that Plaintiff is receiving constitutionally adequate mental health care at SCDC.

As will be set forth in detail below, Plaintiff's sole cause of action pursuant to 42 U.S.C. § 1983 for alleged cruel and unusual punishment fails.

**BACKGROUND**

In March of 1999, Plaintiff was convicted and sentenced to death for "the 1997 murder of his parents, armed robbery, and financial transaction card fraud." *Robertson v. State*, 418 S.C. 505, 509, 795 S.E.2d 29, 31 (2016).[2] Since his conviction, Plaintiff has been housed on SCDC's death row until such a time that his sentence can be carried out. (Compl. at ¶ 6).

Plaintiff asserts that prior to his incarceration he was diagnosed with a "significant psychiatric illness" and to this day, remains dependent on SCDC for his psychiatric care. (*Id.* at ¶ 7). He alleges that throughout his incarceration, there have been various changes to the mental

---

[2] Plaintiff has subsequently pursued various direct and collateral attacks to his conviction and sentence. None has been successful to date. Importantly, Plaintiff filed in 2011 a federal habeas petition that remains pending with this Court, and based on the undersigned's limited understanding of that proceeding, the litigation of that petition appears to have been a catalyst to the instant litigation. *See Robertson v. J. Anderson et al.*, 2:11-cv-00063-TMC-MGB.

As this Court is aware, a large part of Plaintiff's federal habeas docket (including medical records and expert opinions) is under seal. Should this matter proceed beyond Defendants' motion to dismiss, the undersigned anticipates requesting the Court to add them as related counsel to the habeas docket to allow them to review the pertinent filings or moving for a limited unsealing of the habeas matter to permit Defendants and their counsel to fully and effectively defend this case.

health care and treatment he has received from SCDC. (*Id.* at ¶¶ 8-13). Important to this matter, he claims that he is now being harmed due to (1) a "lack of continuity" in his mental health counseling and (2) certain changes to his prescribed mental health medications. (*Id.*).

As to the purported "lack of continuity" with his counseling, Plaintiff alleges "staffing changes" that rotate mental health counselors have "deprived [him] of the ability to establish stable, long-term relationships with mental health counselors." (*Id.* at ¶ 8).

And as to his medications, he contends that his psychiatric condition benefitted from taking Seroquel IR alongside Pristiq; however, he lost that benefit after SCDC switched him to Seroquel XR and Pristiq.[3] (*Id.* at ¶¶ 9-13). He asserts that because he was not getting the same benefit and experienced side effects, "[he] discontinued [taking] Seroquel XR and eventually Pristiq."[4] (*Id.* at ¶ 11). According to Plaintiff, Seroquel IR was removed from SCDC's formulary in February of 2025, and he has since been told by SCDC that Seroquel IR is "no longer available to be prescribed by SCDC providers." (*Id.* at ¶¶ 10, 13).

On August 31, 2026, Plaintiff filed this 42 U.S.C. § 1983 lawsuit against Defendants. He claims Defendants' handling of his mental health care and treatment arises to the level of "cruel and unusual punishment" in violation of the protections afforded inmates under the Eighth Amendment. (*Id.* at ¶¶ 15-19). He also claims Defendants acted with "deliberate indifference" to his serious mental health needs and that "he has suffered and continues to suffer very serious or extreme danger to his mental health resulting in psychological distress." (*Id.* at ¶¶ 17-19). Plaintiff asks this Court to issue: (1) a declaration that Defendants' conduct violates the Eighth Amendment;

---

[3] He also claims that he was successfully treated with Gabapentin and Robaxin before those medications were removed from the formulary many years ago. (Compl. at ¶ 12).

[4] Plaintiff's Complaint indicates that this was Plaintiff's decision to cease taking his prescribed mental health medications. The Complaint does not indicate that SCDC physicians instructed Plaintiff to stop taking his medications.

(2) preliminary and permanent injunctive relief requiring the restoration of "continued and regular access to mental health counselors with whom he can form long-term relationships" and "restoration of his access to Seroquel IR or Gabapentin," and (3) reasonable attorneys' fees, expenses, and costs. (*Id.* at pg. 5).

Defendants now move for dismissal.

**ARGUMENT**

Plaintiff presents a single cause of action against Defendants for violation of his Eighth Amendment rights stemming from the mental health care and treatment he has received while at SCDC. He asks the Court to issue declaratory and injunctive relief in his favor. However, dismissal—even at this early juncture—is appropriate.

**I. Insofar as Plaintiff is suing Defendants in their "individual capacity," those claims require dismissal.**

Plaintiff's Complaint does not set forth clearly whether he is suing Defendants in their official or individual capacities. If the latter is true, dismissal is appropriate.

Importantly, Plaintiff seeks only declaratory and injunctive relief from this Court. In other words, he has not brought a cause of action for money damages against Defendants. It is well-established that individual capacity claims, seeking only declaratory and injunctive relief under § 1983, are not permitted. *See, e.g.*, *Davidson v. U.S. Dep't of State*, 113 F. Supp. 3d 183, 194 (D.D.C. 2015), *aff'd*, 728 F.App'x 7 (D.C. Cir. 2018) ("It is well established that there is no basis for suing a government official for declaratory and injunctive relief in his or her individual or personal capacity." (internal quotation marks omitted)); *Hummel v. Minnesota Dep't of Agric.*, 430 F. Supp. 3d 581, 593 (D. Minn. 2020) ("As an initial matter, [plaintiff] cannot obtain injunctive or declaratory relief from defendants in their individual capacities."); *Thayer v. Howard*, 2024 WL 1513514, at *4 (D. Kan. Apr. 8, 2024) (providing as "a threshold matter" plaintiff cannot sue

defendants in their individual capacity for injunctive or declaratory relief); *Ellerbe v. S.C. Dep't of Corr.*, 2020 WL 3446202, at *2 (D.S.C. June 24, 2020) ("A plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the officials' job, *i.e.*, his official capacity."); *see also* see also *Kirby v. City Of Elizabeth City, N. Carolina*, 388 F.3d 440, 452 (4th Cir. 2004); *McFadden v. Fuller*, 2014 WL 26278, at *4 (D.S.C. Jan. 2, 2014) (collecting cases).

Additionally, Plaintiff's Complaint fails to set forth the requisite detail as to Defendants' personal involvement to bring individual capacity claims. To show an individual is liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). A defendant "must have had personal knowledge of an involvement in the alleged deprivation" of the plaintiff's rights in order to be liable. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

But here, other than vague "shotgun-style" assertions related to Defendants' supervisory roles at SCDC, Plaintiff has failed to set forth in his Complaint the required personal knowledge and involvement of Defendants in this matter. To be sure, the Complaint does not allege important facts plausibly showing that each of the Defendants (i) personally participated in a decision to deny necessary mental health care to Plaintiff; (ii) knew of and disregarded an excessive risk of serious harm to Plaintiff; or (iii) intentionally denied or delayed medically necessary treatment to Plaintiff.

Therefore, if Plaintiff has sued Defendants in their individual capacities, dismissal is required for these two independent reasons.

## II. Insofar as Plaintiff is suing Defendants in their "official capacity," those claims are duplicative amongst the Defendants and require dismissal in part.

As noted above, Plaintiff's Complaint is not clear whether he is suing Defendants in their official or individual capacities. If the former is true, dismissal is appropriate in part.

Plaintiff has named as Defendants to this litigation Director Anderson, Deputy Director Chestnut, and Dr. Hedgepath—all employees of SCDC. However, if Plaintiff has sued Defendant Anderson (the Director of SCDC) in his official capacity for declaratory and injunctive relief, there is no reason for Plaintiff to also sue Defendants Chestnut and Hedgepath in their official capacities for the exact same relief. Defendants submit that any official capacity claims against Defendants Chestnut and Hedgepath should be dismissed as being duplicative. *See, e.g.*, *Hum. Rts. Def. Ctr. v. Carmichael*, 2019 WL 7288764, at *2 (W.D.N.C. Dec. 27, 2019) ("It follows that where a plaintiff asserts official capacity claims against multiple defendants acting as agents for the same entity, dismissal of the redundant claims is appropriate."); *Love–Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (holding an official capacity claim against defendant superintendent was essentially a claim against defendant school board and therefore duplicative); *Hicks v. Halifax Cty. Bd. of Educ.*, 93 F. Supp. 2d 649, 667 (E.D.N.C. 1999) (dismissing official capacity claims against superintendent and principal where school board was also sued under the same claim).

Therefore, if Plaintiff has sued Defendants in their official capacities, dismissal is required with respect to Defendants Chestnut and Hedgepath. If the case is to proceed at all, it should proceed only against Defendant Anderson in his official capacity as Director of SCDC.

## III. Plaintiff's claim for deliberate indifference under 42 U.S.C. § 1983 fails as a matter of law.

As to the merits, Plaintiff claims his constitutional rights have been violated with respect to the mental health care he has received while in SCDC's custody. In his Complaint, Plaintiff

suggests two different roadmaps the Court could follow to find an Eighth Amendment violation—(1) a "lack of continuity" in his mental health counseling and (2) certain changes to his prescribed mental health medications. Neither route, however, leads this Court along a path that would result in the finding of a constitutional violation. Plaintiff cannot, as a matter of law, state a claim for an Eighth Amendment violation because, taking the allegations in the Complaint to be true, and making all reasonable inferences from them, Plaintiff's allegations do not state a cognizable claim for deliberate indifference on the part of Defendants.

"[T]he government [] [is] obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). Mental health needs are treated identically to physical needs in this context. "Nevertheless, prisoners do not have a constitutional right 'to the treatment of his or her choice[.]'" *King v. United States*, 536 F. App'x 358, 363 (4th Cir. 2013) (quoting *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013)). Nor does the Eighth Amendment require "optimal treatment." *Irby v. Sumnicht*, 683 F. Supp. 2d 913, 916 (W.D. Wis. 2010).

"In order to succeed on a deliberate indifference claim, the plaintiff is required to prove an objective component and a subjective component." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "The objective component of a deliberate indifference claim is satisfied by a serious medical condition." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective component, on the other hand, "is satisfied by proof of a defendant's deliberate indifference." *Gordon*, 937 F.3d at 356. "An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." *DePaola*, 884 F.3d at 486. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). An inmate plaintiff must allege deliberate indifference to medical needs constituting "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Negligence is not enough. *See McNeill v. Allen*, 106 F. Supp. 3d 711, 715 (W.D.N.C. 2015). "A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation." *Id.*

Essentially, Plaintiff alleges that he has received, and continues to receive, mental health care from SCDC and its employees, but that the care provided is not the care he wants, or that the care provided is not effective in his opinion. The Fourth Circuit has previously addressed similar claims in the case of *Williams v. Branker*, 462 Fed.Appx. 348 (4th Cir. 2012). In that case, a North Carolina inmate "sought declaratory and injunctive relief under 42 U.S.C. § 1983, alleging that prison officials violated his Eighth Amendment rights by failing to effectively treat his mental illness…." *Branker*, 462 Fed.Appx. at 350. The "district court granted [defendants'] motion for judgment on the pleadings and dismissed [the] suit." *Id.* The Fourth Circuit affirmed. In the opinion, the Fourth Circuit found that

> Assuming, without deciding, that Williams's mental illness created a serious medical need, we conclude that his allegations regarding his medical treatment do not rise to the level of neglect. For instance, Williams does not allege that his illness was ignored or that he was

> denied treatment, either altogether or even to a considerable extent. To the contrary, his complaint alleges that he has had "numerous stays in an inpatient psychiatric setting." J.A. 7. Williams points to no authority for the proposition that the Eighth Amendment entitles him to "effective" treatment, or that DOC is a guarantor of mental health. *Cf. Jackson v. Meachum,* 699 F.2d 578, 583 (1st Cir.1983) (noting that to "make the Eighth Amendment a guarantor of a prison inmate's prior mental health ... would go measurably beyond what today would generally be deemed 'cruel and unusual' "). Accordingly, we cannot hold that the lack of effective mental health treatment deprives Williams of a basic human need.

*Branker*, 462 F. App'x at 353–54.

The same result is warranted in this case. Plaintiff has simply failed to allege a claim that could plausibly rise to the level of a constitutional deprivation under established precedent in the Fourth Circuit. As such, his case must be dismissed.

**1. Mental Health Counseling**

It's important to start first with what Plaintiff does not allege in his Complaint. Plaintiff does not allege that SCDC is failing to provide him with access to any mental health counseling services. Plaintiff does not allege that SCDC is failing to provide him with enough mental health counseling sessions. And Plaintiff does not allege that SCDC has failed to provide him with access to qualified mental health professionals. Nor could he. This alone is fatal to his § 1983 claim.

Instead, Plaintiff alleges "staffing changes" and institutional decisions to rotate mental health counselors servicing death row inmates have "deprived [him] of the ability to establish stable, long-term relationships with mental health counselors." (Compl. at ¶ 8). He makes threadbare claims, without any additional support, that counselor rotations have led to a "lack of continuity" in his mental health treatment. (*Id.*).

However, under well-established precedent, an inmate does not have a constitutional right to see a medical or mental health provider of his choice. To be sure, the Eighth Amendment

guarantees access to adequate mental health care, nothing more. It does not guarantee full access to a specific provider, and it does not guarantee access to a specific provider on a repeated basis. *See, e.g.*, *Hawkins v. Allen*, 743 F.Supp.3d 765, 773 (E.D. Va. Aug. 5, 2024) (explaining that when an inmate rejects medical care or prefers to see a different provider, an Eighth Amendment claim fails); *Cooper v. Williams*, 2021 WL 3779633, at *12 (E.D. Va. Aug. 24, 2021) (same). The fact that SCDC provides Plaintiff with access to frequent, qualified mental health providers for counseling services is more than enough to extinguish any glimmer of deliberate indifference.

**2. Mental Health Medication**

Like before, it's important to start first with what Plaintiff does not allege in his Complaint. Plaintiff does not allege that he does not have access to a psychiatrist who can prescribe him with mental health medication needed to address his psychiatric condition. And Plaintiff does not allege that he has not been prescribed any mental health medication to treat his condition. Nor could he. Again, for purposes of a § 1983 analysis, this is fatal.

Plaintiff's chief complaint is that SCDC has not given him the medication that he prefers. Although he makes threadbare allegations that the medicine he is being prescribed is not effective, he pleads nothing of substance, which is needed here to elevate this case to one plausibly suggesting deliberate indifference. In fact, rather than giving his new mental health medications a legitimate try, he has determined it to be necessary and appropriate to stop taking them. (Compl. at ¶ 11).

Plaintiff wants Seroquel. And it is undisputed that Plaintiff has been prescribed and offered Seroquel. The breakdown (if any) focuses on Plaintiff's preference of having the instant release

("IR") version as opposed to the extended release ("XR") version.[5] However, Plaintiff cannot argue that Seroquel IR and Seroquel XR do not contain the exact same antipsychotic ingredient (quetiapine). The only difference here is the speed at which the active ingredients are released into the body. Plaintiff's claim that this medical decision has caused him harm is simply not plausible.

Commonsensical arguments aside, Plaintiff's quarrel is that he is not receiving his preferred medication. But that is not enough to plausibly plead a claim under § 1983. *See, e.g.*, *King*, 536 F. App'x at 363 (quoting *De'lonta*, 708 F.3d at 526) ("[P]risoners do not have a constitutional right 'to the treatment of his or her choice[.]'"); *McNeill*, 106 F. Supp. 3d at 715 ("A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation.").

Courts across the country have consistently rejected similar claims and held that denying an inmate's preferred medication does not constitute deliberate indifference. *See, e.g.*, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (holding prison officials did not act with deliberate indifference by offering twice-weekly prophylactic therapy rather than the daily regimen the inmate preferred and noting an inmate "is not entitled to demand specific care"); *Tolentino v. Smucker*, 855 F. App'x 822, 824 (3d Cir. 2021) ("Here, Tolentino alleges that he received continuous medical treatment for his anxiety and PTSD, but that, at times, he was not prescribed his preferred medication. His allegations do not indicate that the medical treatment decisions fell below any profession standards of care. Rather, his allegations amounted to disagreements in treatment, and are therefore not actionable."); *Bryant v. Wright*, 451 F. App'x 12, 14 (2d Cir. 2011) ("It is a common exercise of judgment to place prisoners on generic medications, and this act,

[5] Although outside the pleadings and therefore not before the Court on a motion to dismiss, there are legitimate penological reasons for SCDC's decision to remove Seroquel IR from its formulary.

without more, does not suggest the recklessness necessary for a constitutional claim of deliberate indifference."); *Boyett v. Cnty. of Washington*, 282 F. App'x 667, 674 (10th Cir. 2008) ("[Physician's] prescription of substitute medication for [inmate] does not demonstrate deliberate indifference."); *Perez v. Cnty. of Monroe*, 945 F. Supp. 2d 413, 414-15 (W.D.N.Y. 2013) (holding prison officials did not act with deliberate indifference by providing inmate with Visteril and Risperdal rather than inmate's preferred drug, Seroquel, because "[a]t most, plaintiff's allegations reveal a mere disagreement over [his] proper treatment, which does not give rise to a constitutional violation" (citation and quotation marks omitted)).

Although Defendants vehemently disagree on the merit of any such claims, at best, Plaintiff complains of the adequacy of the mental health treatment he has received at SCDC. At most, those allegations sound in negligence or medical malpractice. Negligence in the provision of medical care, without more, does not amount to a constitutional deprivation actionable under § 1983. *See Wright*, 766 F.2d at 849 ("Negligence or malpractice in the provision of medical service does not constitute a claim under § 1983.").

{The remainder of this page was intentionally left blank for formatting purposes.}

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim for deliberate indifference under the Eighth Amendment. The Court should grant Defendants' motion to dismiss with prejudice.

Respectfully submitted,

SMITH | ROBINSON

*s/ Daniel C. Plyler*

DANIEL C. PLYLER, FED. ID #9762
AUSTIN T. REED, FED. ID #13405
FREDERICK N. HANNA, JR., FED. ID #13826
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com
Fred.Hanna@SmithRobinsonLaw.com

*Counsel for Defendants*

Columbia, South Carolina

September 22, 2026