**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| James D. Robertson, # 5607,<br><br>Plaintiff,<br><br>v.<br><br>Joel Anderson, Director, South Carolina Department of Corrections; Lydell Chestnut, Deputy Director Broad River Correctional Secure Facility; and Dr. Andrew Hedgepath, Chief of Psychiatry,<br><br>Defendants. | ) | Civil Action No.<br>2:26-cv-3773-TMC-MGB<br><br>**ANSWER**<br>**ON BEHALF OF DEFENDANTS** |

Defendants Joel Anderson, Director of the South Carolina Department of Corrections; Lydell Chestnut, Deputy Director of Broad River Correctional Secure Facility; and Dr. Andrew Hedgepath, Chief of Psychiatry (collectively, "Defendants") answer the Complaint (ECF No. 1) of Plaintiff James D. Robertson, # 5607 ("Plaintiff"), and plead as follows:[1]

**GENERAL RESPONSE**

Each and every allegation of Plaintiff's Complaint that is not hereinafter specifically admitted, modified, or explained is denied and strict proof is demanded thereof. Defendants are compelled to make a blanket denial of ***any*** wrongdoing on their behalf regarding the allegations asserted by Plaintiff in this matter.

[1] Contemporaneously herewith, Defendants have moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Should the Court not grant dismissal in full, Defendants respectfully submit this Answer in response to Plaintiff's Complaint.

**FOR A FIRST DEFENSE**

1. Plaintiff's Complaint fails to state a claim for which relief shall be granted pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure and, therefore, must be dismissed as a matter of law.

**FOR A SECOND DEFENSE**

2. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

3. As to the allegations set forth in Paragraph 1 of Plaintiff's Complaint, Defendants admit that this case involves Plaintiff's action for declaratory and injunctive relief arising from various federal statutes, rules, and constitutional provisions. However, Defendants deny the merit of Plaintiff's causes of action and deny that he is entitled to the requested relief. Accordingly, Defendants demand strict proof thereof.

4. As to the allegations set forth in Paragraph 2 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

5. As to the allegations set forth in Paragraphs 3 and 4 of Plaintiff's Complaint, Defendants admit the allegations.

6. As to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Defendants would note that the allegations appear to set forth a legal conclusion and that no response is necessary. However, should further response be needed, Defendants admit only that jurisdiction and venue appear appropriate with this Court based on the allegations contained in Plaintiff's Complaint.

7. As to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Defendants admit the allegations.

8. As to the allegations set forth in Paragraph 7 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith. Defendants would admit that Plaintiff depends on and receives psychiatric care from the South Carolina Department of Corrections ("SCDC").

9. As to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

10. As to the allegations set forth in Paragraph 9 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

11. As to the allegations set forth in Paragraph 10 of Plaintiff's Complaint, Defendants admit only that Seroquel IR is no longer part of SCDC's formulary. Any other allegations are denied, and strict proof is demanded thereof.

12. As to the allegations set forth in Paragraph 11 of Plaintiff's Complaint, Defendants admit that Plaintiff was instead prescribed Seroquel XR and Pristiq. Any other allegations are denied, and strict proof is demanded thereof.

13. As to the allegations set forth in Paragraph 12 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

14. As to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

15. As to the First Cause of Action labeled "Cruel and Unusual Punishment" set forth in Plaintiff's Complaint, Defendants deny the merit of same and demand strict proof thereof.

16. As to the allegations set forth in Paragraph 14 of Plaintiff's Complaint, Defendants admit Paragraph 14 incorporates by reference, per Rule 10(c) of the Federal Rules of Civil

Procedure, all above paragraphs in Plaintiff's Complaint; Defendants similarly incorporate by reference their above responses.

17. As to the allegations set forth in Paragraph 15 of Plaintiff's Complaint, Defendants assert said allegations appear to cite or quote case law, and therefore, Defendants, without admitting the cited law applies to this case, crave reference to the actual text of the case law, and deny any inconsistencies therewith. Further answering, Defendants deny any liability to Plaintiff.

18. As to the allegations set forth in Paragraphs 16, 17, 18, and 19 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

19. As to Plaintiff's unnumbered requested relief, and all subparts thereto, Defendants deny the allegations and requested relief set forth and demand strict proof thereof.

**FOR A THIRD DEFENSE**

20. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

21. Plaintiff is not entitled to injunctive relief of any kind from Defendants because Plaintiff is not likely to succeed on the merits, Plaintiff cannot demonstrate irreparable harm, the balance of the equities does not tip in Plaintiff's favor, and an injunction would not be in the public interest.

**FOR A FOURTH DEFENSE**

22. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

23. Some or all of Plaintiff's claims are barred by sovereign immunity, and Defendants specifically plead the Eleventh Amendment of the United States Constitution as a bar, in whole or in part, to Plaintiff's claims.

**FOR A FIFTH DEFENSE**

24. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

25. Defendants deny that the matters asserted by Plaintiff in the Complaint fall within the purview of 42 U.S.C. § 1983. Additionally, Defendants deny that any constitutional or federal rights of the Plaintiff have been violated.

**FOR A SIXTH DEFENSE**

26. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

27. Defendants at no time violated any clearly established constitutional rights which were known or should have been known to Defendants, and therefore Defendants are entitled to immunity.

**FOR A SEVENTH DEFENSE**

28. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

29. The actions of Defendants were objectively reasonable in light of the existing law, and therefore Defendants are entitled to immunity.

**FOR AN EIGHTH DEFENSE**

30. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

31. Defendants assert the Prison Litigation Reform Act ("PLRA") as a bar, in whole or in part, to this action, including the failure to exhaust administrative remedies.

**FOR A NINTH DEFENSE**

32. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

33. To the extent Plaintiff has attempted to raise allegations regarding the medical care and/or mental health care provided to Plaintiff, or which Plaintiff claims should have been provided to Plaintiff, Defendants assert Plaintiff has failed to comply with the requirements of the Medical Malpractice Act, S.C. Code Ann. § 15-79-110, et seq., and/or the affidavit of the expert witness requirement of S.C. Code Ann. § 15-36-100, and therefore any such claim must be dismissed.

34. Moreover, Defendants submit that Plaintiff's claims sound in purported medical negligence and not as a violation of constitutional or federal rights.

**FOR A TENTH DEFENSE**

35. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

36. Defendants were acting in the course and scope of their employment, were exercising their discretion as officers of the State of South Carolina, and were acting in good faith, and therefore are immune from suit.

**FOR AN ELEVENTH DEFENSE**

37. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

38. Plaintiff's Complaint fails to set forth the individual actions of Defendants needed to set forth a claim for violation of Plaintiff's constitutional or federal rights.

**FOR A TWELFTH DEFENSE**

39. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

40. To the extent Plaintiff has alleged any claim for relief in the form of punitive damages, Defendants assert that such relief is barred by the common law of the United States and the State of South Carolina and barred pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

**FOR A THIRTEENTH DEFENSE**

41. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

42. All decisions in this case by Defendants and others were grounded in legitimate penological reasons and should not be subject to scrutiny but rather afforded deference by the Court.

**FOR A FOURTEENTH DEFENSE**

43. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

44. Defendants would show that Plaintiff's alleged injuries or damages were not the result of any departure from the generally accepted Standard of Care on the part of Defendants, and therefore, Defendants are in no way liable to Plaintiff for the matters alleged in the Complaint.

**FOR A FIFTEENTH DEFENSE**

45. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

46. Defendants would show that such injuries or damages sustained, if any, by Plaintiff is the direct and proximate cause of one or more independent, intervening causes which act as a complete bar to this action.

**FOR A SIXTEENTH DEFENSE**

47. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

48. Any injuries or damages sustained by Plaintiff as a result of the matters alleged in the Complaint were due to and caused by Plaintiff's physical infirmities and natural disease process and acts as a complete bar to this action.

**FOR A SEVENTEENTH DEFENSE**

49. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

50. Any injuries or damages sustained by Plaintiff as a result of the matters alleged in the Complaint, which are expressly denied, were caused and occasioned by events over which Defendants had no control or right of control, thereby relieving Defendants from any liability or responsibility therein.

**FOR AN EIGHTEENTH DEFENSE**

51. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

52. Defendants' investigation into the facts of this case has not been completed and, therefore, Defendants reserve any additional and further defenses as may be revealed by additional information during the course of any discovery and/or investigation and is consistent with the Federal Rules of Civil Procedure.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendants pray the Complaint against Defendants be dismissed with prejudice and for such other and further relief as the Court may deem just and proper under the circumstances.

SMITH | ROBINSON

*s/ Daniel C. Plyler*
DANIEL C. PLYLER, FED. ID #9762
AUSTIN T. REED, FED. ID #13405
FREDERICK N. HANNA, JR., FED. ID #13826
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com
Fred.Hanna@SmithRobinsonLaw.com

*Counsel for Defendants*

Columbia, South Carolina

September 22, 2026